741 S.E.2d 31

In the Matter of Kana Rahman JOHNSON, Respondent.

Appellate Case No. 2013–000406.

No. 27240.

Supreme Court of South Carolina.

Submitted March 12, 2013.

Decided April 10, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Bogan Law Firm, of Columbia, for Respondent.

## PUBLIC REPRIMAND

PER CURIAM:

Respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). Therein, respondent admits misconduct and agrees to the issuance of a confidential admonition or a public reprimand. We accept the agreement and issue a public reprimand.

In the agreement, respondent admits having engaged in a sexual relationship with a client who she was representing in a divorce action. The client and his wife eventually reconciled and the action was dismissed.

Respondent admits that her conduct constitutes a violation of the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.8(m)(A lawyer shall not have sexual relations with a client when the client is in a vulnerable condition or is otherwise subject to the control or undue influence of the lawyer, when such relations could have a harmful or prejudicial effect on the interests of the client, or when sexual relations might adversely affect the lawyer's representation of the client.); and Rule 8.4(e)(It is professional

misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.). Respondent also admits her conduct constitutes grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (It shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct.).

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for her misconduct. Within thirty days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by the Office of Disciplinary Counsel and the Commission on Lawyer Conduct. In addition, within one year of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School.

**PUBLIC REPRIMAND.**